UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROGELIO CRUZ, JR.,

                              Plaintiff,

                                                        1:26-CV-441
              v.                                        (AMN/DJS)

BRENDA K. SANNES, *et al.*,

                              Defendants.
_____

APPEARANCES:

ROGELIO CRUZ, JR.
Plaintiff, *Pro Se*
Austin, Texas 78750

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

On March 19, 2026, Plaintiff *pro se* filed a Complaint asserting claims against two United States District Court Judges, a retired United States Magistrate Judge, the Northern District of New York, and ten John Does. Dkt. No. 1, Compl., p. 3. That same day he filed an Amended Complaint against the same Defendants and added an additional Defendant, a Courtroom Deputy Clerk from the United States District Court for the District of Oregon. Dkt. No. 2, Am. Compl., pp. 2-3. The allegations in the Amended Complaint primarily concern an order transferring an action previously filed in this

- 1 -

District by Plaintiff. *Id.* at pp. 3-4. Plaintiff asserts violations of his rights under the United States Constitution, two federal anti-discrimination statutes, local court rules and 28 U.S.C. § 1915. *Id.* at pp. 6-8. Plaintiff has filed an application for leave to proceed *in forma pauperis*, Dkt. No. 3, which this Court has granted by separate order.

## I. BACKGROUND

Plaintiff has filed multiple other lawsuits in this District in 2026. *Cruz v. Williamson County, Texas, et al.*, 5:26-cv-80 (ECC/TWD); *Cruz v. United States Department of Agriculture, et al.*, 5:26-cv-90 (ECC/TWD); *Cruz v. Clerk of Court, United States District Court for the District of Columbia, et al.*, 5:26-cv-144 (ECC/TWD); *Cruz v. United States District Court for the Western District of Texas, et al.*, 5:26-cv-185 (ECC/TWD). Each of those matters was transferred to a different federal district court because venue was not proper in this District. 5:26-cv-80, Dkt. No. 11; 5:26-cv-90, Dkt. No. 4; 5:26-cv-144, Dkt. No. 4; 5:26-cv-185, Dkt. No. 4. In transferring *Cruz v. United States District Court for the Western District of Texas*, the assigned Magistrate Judge advised Plaintiff

> that if he continues to file cases in this District where venue is improper, sanctions may be imposed including, but not limited to, referring Plaintiff to Chief U.S. District Judge Brenda K. Sannes for consideration of an Order directing Plaintiff to show cause in writing why he should not be enjoined from filing any future pleadings or documents of any kind in the Northern District of New York pro se without the permission of the Chief Judge or her designee.

5:26-cv-185, Dkt. No. 4.  In this action, Plaintiff challenges that notice as a "threat" to prevent Plaintiff from filing future lawsuits.  Am. Compl. at p. 3.  Plaintiff contends that the notice is part of a "pattern of obstruction" taken against him by other federal courts. *Id.* at p. 2.

## II. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### III. ANALYSIS

Plaintiff's Amended Complaint sets forth constitutional claims under the First and Fifth Amendments to the United States Constitution. Am. Compl. at pp. 6-7. It also asserts statutory claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. *Id.* at pp. 7-8. Finally, it purports to assert claims under certain

- 4 -

procedural rules and statutes. *Id.* at p. 6. As set forth below, Plaintiff's claims are subject to dismissal.

**A. ADA and Rehabilitation Act Claims**

Plaintiff's claims under the ADA and Rehabilitation Act are both subject to dismissal because neither statute is applicable to the federal judiciary.

"Title II of the ADA is not applicable to the federal government." *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000). The ADA applies to public entities, which the statute defines to include: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). "Thus, by definition, Title II of the ADA does not apply to the federal government or an agency, such as the federal courts." *Moore v. United States*, 2022 WL 1104986, *1 n.1 (W.D.N.Y. 2022) (citing *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d at 73).

The only Defendants specifically named in this action are judicial officers or employees and the District Court itself, Am. Compl. at pp. 2-3, and so the Complaint also fails to state a claim under the Rehabilitation Act because "[t]he Rehabilitation Act applies to the federal Government but not the United States Courts." *In re Chapman*, 777 F. Supp. 2d 196, 197 (D. Me. 2011); *see also Davidson v. Judicial Council of the Second Circuit*, 2026 WL 901338, at *2 (S.D.N.Y. Mar. 26, 2026) (the "programs and activities of the federal judiciary are not covered, and therefore not bound, by the [Rehabilitation]

Act."); *Murray v. Murguia*, 2025 WL 1101515, at \*2 (N.D. Cal. Mar. 12, 2025), *report and recommendation adopted*, 2025 WL 1442705 (N.D. Cal. May 9, 2025), *aff'd*, 2025 WL 2092839 (9th Cir. July 25, 2025) ("neither Title II of the ADA nor Section 504 of the Rehabilitation Act apply to the federal judiciary."); *Snider v. United States*, 2018 WL 4760840, at \*5 (M.D. Pa. Oct. 2, 2018) ("[t]he Rehabilitation Act does not cover the judicial branch.")  (internal quotation and citation omitted).

Plaintiff's statutory claims, therefore, should be dismissed.

### B. Constitutional Claims

As mentioned, Plaintiff asserts violations of his rights under the First and Fifth Amendments.  Am. Compl. at pp. 6-8.  He relies on 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) as the basis for bringing these claims.  *Id.*  Neither provides a basis for asserting a claim here.

"Section 1983 of Title 42 of the United States Code creates a private cause of action against individuals acting under color of state law but does not extend to federal actors acting under color of federal law."  *Sutera v. Transportation Sec. Admin.*, 708 F. Supp. 2d 304, 310 (E.D.N.Y. 2010); *see also United States v. Dorio*, 483 F. Supp. 3d 145, 158 (D. Conn. 2020) (citing *Richardson v. McKnight*, 521 U.S. 399, 403 (1997)) ("42 U.S.C. § 1983 applies only to state, not federal, actors.").  Given that the only named Defendants are federal judicial officials and a federal court, section 1983 is clearly inapplicable.

Nor may Plaintiff pursue a *Bivens* claim here.  There is presently no statutory analog to 42 U.S.C. §1983 for violations of constitutional rights by individuals acting under color of federal law.  *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017).  In 1971, the Supreme Court did allow an implied claim for money damages for a Fourth Amendment constitutional violation suffered at the hands of federal officials.  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1999).  Since that time, however, extending the reach of *Bivens* has become a "disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. at 135.

Neither of Plaintiff's claims may be pursued under *Bivens*.  The Supreme Court has definitively held that *Bivens* does not extend to a "First Amendment retaliation claim." *Egbert v. Boule*, 596 U.S. 482, 498 (2022).

With respect to Plaintiff's due process claim under the Fifth Amendment, the Court is aware of no direct controlling authority regarding the availability of such a claim under *Bivens*.  The Supreme Court has provided clear guidance for how to proceed in that situation.

> When asked to extend *Bivens*, we engage in a two-step inquiry. We first inquire whether the request involves a claim that arises in a new context or involves a new category of defendants.  And our understanding of a new context is broad. We regard a context as new if it is different in a meaningful way from previous *Bivens* cases decided by this Court.  When we find that a claim arises in a new context, we proceed to the second step and ask whether there are any special factors that counsel hesitation about granting the extension. If there are - that is, if we have reason to pause before

applying *Bivens* in a new context or to a new class of defendants - we reject the request.

*Hernandez v. Mesa*, 589 U.S. 93, 102 (2020) (internal citations, quotations, and alterations omitted).  Under this standard, Plaintiff's Fifth Amendment due process claim should be dismissed.

Plaintiff's allegations, concerning the issuance of judicial opinions, would clearly be a new context for purposes of *Bivens*.  In *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court recognized a *Bivens* claim for gender discrimination under the Fifth Amendment.  That Plaintiff also relies on the Fifth Amendment here does not get his claim through the first step, however, because "[a] claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."  *Hernandez v. Mesa*, 589 U.S. at 103.  Imputing a claim for actions taken by judges or judiciary officials in pending judicial matters would clearly be a new context for federal actions.

"When we find that a claim arises in a new context, we proceed to the second step and ask whether there are any special factors that counsel hesitation about granting the extension."  *Id.* at 102.  Numerous factors counsel against permitting such claims in this context.  First, the ability to challenge a federal judge's actions in a civil proceeding is unnecessary since "declaratory relief against a judge for actions taken within his or her

- 8 -

judicial capacity is ordinarily available by appealing the judge's order." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015), *aff'd*, 639 F. App'x 38 (2d Cir. 2016). Second, permitting such claims would encourage collateral litigation and interfere with the finality judicial orders provide. Third, such actions would largely be futile. Courts have recognized the same judicial immunity that applies to damages claims under section 1983 would apply to *Bivens* claims. *Andrews v. Hall*, 2023 WL 309609, at *1 (2d Cir. Jan. 19, 2023) (discussing application of the doctrine of judicial immunity in the context of claims under Bivens brought against a federal judge).[2] Finally, *Bivens* actions do not provide for the injunctive relief Plaintiff seeks. *Id.* at *2 n.2.

### C. Other Claims

The Amended Complaint also purports to assert claims for violation of local court rules and 28 U.S.C. § 1915. *See* Am. Compl. at p. 6. These claims should also be dismissed.

Plaintiff has failed to adequately allege that any Local Rule of this Court or the District of Oregon has been violated. But in any event, this Court agrees with other courts to have considered the question that "violation of the Local Rules of this Court neither gives rise to a cause of action nor create an actionable legal duty." *P.D. v. Comegno*,

---

[2] Nor has Plaintiff alleged a basis for establishing the personal involvement of Judges Sannes and Coombe in this matter since the order objected to was not issued by either. *See generally Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

2008 WL 11367520, at *2 (E.D. Pa. July 23, 2008); *see also Eakin v. Borough of Polk*, 2020 WL 7239560, at *3 (W.D. Pa. Dec. 9, 2020) ("there is no cause of action before this Court for a violation of a local rule.").

Similarly, Plaintiff may not assert a claim under 28 U.S.C. § 1915 "since § 1915 does not create a cause of action under which an individual could bring claims to federal court." *Steele v. Miller*, 2025 WL 1755188, at *2 (D. Kan. June 25, 2025); *see also Kinsey v. United States*, 177 Fed. Cl. 208, 211 (2025) ("Section 1915 does not create a private cause of action for plaintiffs to bring suit."). Instead, section 1915 is merely a procedural statue regulating the ability of parties to proceed *in forma pauperis*.

Plaintiff's claims under local court rules and section 1915 must be dismissed.

### D. Disposition of the Matter

Generally, dismissal of a *pro se* complaint should include leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Here, however, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal without leave to amend is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Accordingly, the Court recommends that the Amended Complaint be dismissed.[3]

---

[3] The pending Motion for injunctive relief, Dkt. No. 5, should be denied for the same reasons.

- 10 -

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint be **DISMISSED as set forth above**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  April 28, 2026
          Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).