UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ROGELIO CRUZ, JR.,

                         Plaintiff,

      v.                                       1:26-cv-00441 (AMN/DJS)

BRENDA K. SANNES, *et al.*,

                         Defendants.

_____

APPEARANCES:                              OF COUNSEL:

**ROGELIO CRUZ JR.**
10800 Tall Oak Trail
Austin, Texas 78750
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

## I.     INTRODUCTION

On March 19, 2026, Plaintiff *pro se* Rogelio Cruz Jr. commenced this action against two United States District Court judges, a retired United States Magistrate Judge, the Northern District of New York, and ten Doe defendants. *See* Dkt. No. 1. That same day, Plaintiff amended his complaint to add a courtroom deputy clerk for the United States District Court for the District of Oregon. *See* Dkt. No. 2 ("Amended Complaint"). Plaintiff asserts violations of his First and Fifth Amendment rights pursuant to 42 U.S.C. § 1983 ("Section 1983"); his statutory rights under the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973 (the "Rehabilitation Act"), and 28 U.S.C. § 1915 ("Section 1915"); as well as certain Local Rules. *See*

*id.* Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP"). *See*

Dkt. No. 3.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who reviewed

the Complaint pursuant to 28 U.S.C. § 1915(e), and on April 28, 2026, granted Plaintiff's motion

for leave to proceed IFP, *see* Dkt. No. 6, and recommended that Plaintiff's Amended Complaint

be dismissed without leave to amend. *See* Dkt. No. 7 at 10-11 ("Report-Recommendation").[1]

Magistrate Judge Stewart advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen

days within which to file written objections and that failure to object to the Report-

Recommendation within fourteen days would preclude appellate review. *Id*. at 11. No party has

filed objections, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its

entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation

that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223,

228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this

Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F.

Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).

Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge,

this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at

228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

2

only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

In summary, Plaintiff filed multiple lawsuits in this District between January and February 2026, each of which was transferred to an alternative federal district because venue was not proper. *See* Dkt. No. 2 at 3-4 (citing *Cruz v. Williamson Cnty., Texas*, No. 26-cv-80 (ECC/TWD); *Cruz v. U.S. Dep't of Agric.*, No. 26-cv-90 (ECC/TWD); *Cruz v. Clerk of Ct., U.S. Dist. Ct. for the Dist.*

*of Columbia*, No. 26-cv-144 (ECC/TWD); and *Cruz v. U.S. Dist. Ct. for the W. Dist. of Texas*, No.

26-cv-185 (ECC/TWD)).  On February 9, 2026, then-Magistrate Judge Thérèse Wiley Dancks, in

recommending that one of Plaintiff's cases be transferred to the Western District of Texas, *see*

*Cruz v. U.S. Dist. Ct. for the W. Dist. of Texas*, No. 26-cv-185 (ECC/TWD), Dkt. No. 4, warned

Plaintiff that sanctions may be imposed if he continues to file cases in this Distrct where venue is

improper.  *Id.* at 4.  Plaintiff alleges that such warning constitutes a "threat" to prevent him from

filing future lawsuits, and is part of a "pattern of obstruction" taken against him by other federal

courts.  *See id.* at 4-5.

First, Magistrate Judge Stewart recommended that Plaintiff's claims under the ADA and

Rehabilitation Act be dismissed because neither statute is applicable to the federal judiciary.  *See*

Dkt. No. 7 at 5-6.  Specifically, Magistrate Judge Stewart explained that Title II of the ADA does

not apply to the federal government, including federal courts.  *See id.* at 5 (explaining that the

ADA applies to public entities, which the statute defines to include "any State or local

government," and "any department, agency, special purpose district, or other instrumentality of a

State or States or local government" (citing 42 U.S.C. § 12131(1))); *see also McDowell v.*

*McDonough*, No. 21-cv-338, 2024 WL 4751692, at *2 (W.D.N.Y. Oct. 8, 2024) ("[B]y definition,

Title II of the ADA does not apply to the federal government or an agency, such as the federal

courts.").  Likewise, Magistrate Judge Stewart found that Plaintiff failed to state a claim under the

Rehabilitation Act because the Rehabilitation Act does not apply to federal courts, and Plaintiff

only names federal judicial officers and U.S. District Court personnel in his Amended Complaint.

*See* Dkt. No. 7 at 5-6 (citing, *inter alia*, *Davidson v. Jud. Council of the Second Cir.*, No. 25-cv-

1226, 2026 WL 901338, at *2 (S.D.N.Y. Mar. 26, 2026) (noting that the "programs and activities

of the federal judiciary are not covered, and therefore not bound, by the Rehabilitation Act")).

4

Second, Magistrate Judge Stewart recommended that Plaintiff's constitutional claims under the First and Fifth Amendment also be dismissed. *See id.* at 6-9. Specifically, Magistrate Judge Stewart found that Section 1983 does not extend to federal actors, such as federal judicial officials and federal courts, who are acting under the color of federal law. *See id.* at 6 (citing, *inter alia*, *United States v. Dorio*, 483 F. Supp. 3d 145, 158 (D. Conn. 2020) (noting that Section 1983 "applies only to state, not federal actors" (citing *Richardson v. McKnight*, 521 U.S. 399, 403 (1997)))). Additionally, Magistrate Judge Stewart concluded that Plaintiff cannot pursue a *Bivens* claim because there is no statutory analog to Section 1983 for alleged violations of constitutional rights by individuals acting under the color of federal law. *See id.* at 7 (citing *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017)).

Specifically, regarding Plaintiff's First Amendment claim, Magistrate Judge Stewart noted that *Bivens* does not extend to a First Amendment retaliation claim. *Id.* (citing *Egbert v. Boule*, 596 U.S. 482, 498 (2022)); *see also Bolanos v. City of New York*, No. 24-cv-1011, 2026 WL 890559, at *4 (S.D.N.Y. Mar. 31, 2026) (noting that "the Supreme Court has clearly established that there is no *Bivens* action for First Amendment retaliation" (internal quotation marks and citation omitted)). And with respect to Plaintiff's due process claim under the Fifth Amendment, Magistrate Judge Stewart explained that Plaintiff's allegations concerning the actions taken by judges or judiciary officials in pending judicial matters would be a new context for purposes of *Bivens*, and numerous factors counsel against permitting Plaintiff to raise a *Bivens* claim in such context. Dkt. No. 7 at 7-8 (citing *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)). Specifically, Magistrate Judge Stewart noted that challenging a federal judge's actions in a civil proceeding is unnecessary because relief is ordinarily available by appealing the judge's order. *See id.* at 8-9 (citing *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015), *aff'd*, 639 F. App'x 38 (2d

Cir. 2016)). Furthermore, Magistrate Judge Stewart added that permitting such claims would encourage collateral litigation, interfere with the finality of judicial orders, be futile, and would not provide the injunctive relief that Plaintiff seeks. *See id.* at 9 (citing *Andrews v. Hall*, No. 22-1298, 2023 WL 309609, at *1 (2d Cir. Jan. 19, 2023)).

Third, Magistrate Judge Stewart recommended that Plaintiff's claims for violations of Section 1915 and the Local Rules should also be dismissed because neither Section 1915 nor local district court rules provides a private right of action. *See id.* at 9-10 (citing, *inter alia*, *Eakin v. Borough of Polk*, No. 20-cv-39, 2020 WL 7239560, at *3 (W.D. Pa. Dec. 9, 2020) (noting that "there is no cause of action before this Court for a violation of a local rule"); *Steele v. Miller*, No. 25-cv-3108, 2025 WL 1755188, at *2 (D. Kan. June 25, 2025) (noting that Section 1915 "does not create a cause of action under which an individual could bring claims to federal court")).

Lastly, Magistrate Judge Stewart recommended that Plaintiff's Amended Complaint be dismissed without leave to amend because the grounds for dismissal provide no basis for curing the defects in the Amended Complaint. *See id.* at 10 (citing, *inter alia*, *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991) (noting that dismissal of a *pro se* complaint should include leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated")).

Having reviewed the Report-Recommendation and considered Magistrate Judge Stewart's findings, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 7, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 2, be **DISMISSED without leave to amend**; and the Court further

**ORDERS** that Plaintiff's motion for a preliminary injunction, Dkt. No. 5, is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 1, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge